1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RONALD FOSTER,

           Plaintiff,

   v.

R. REDENIUS, et. al.,

           Defendant.

CASE NO: 1:06-CV-0792 LJO DLB P

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION TO COMPEL

(Doc. 33)

17      Plaintiff Ronald Foster ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis

18 in this civil rights action.  This action is proceeding on plaintiff's complaint filed June 22, 2006 against

19 defendants Alvarez, Garcia, Harrison, Noyce, Redenius, Schiefelbein, Uribe and Wadman.

20      On January 3, 2008, plaintiff filed a motion to compel defendants to serve further responses to

21 the interrogatories and his request for production of documents. (Doc. 33).  Defendants filed their

22 opposition on February 11, 2008, and plaintiff filed a reply on February 28, 2008 (Docs. 38, 40).

23 **A.    Motion to Compel Further Responses to Interrogatories**

24 **I.    Defendant Redenius**

25         **a.    Requests Three, Four, Seven, Ten and Eleven**

26 **Interrogatory No. 3**: "On 1-6-06 and 1-31-06 did you provide the plaintiff a lunch on

27 these days ?"

28 **Response to Interrogatory No. 3:** " I have no specific recollection of these dates. Available

1  records indicate that Plaintiff received his lunch on January 6, 2006, but refused his lunch on

2  January 31, 2006."

3  ///

4  **Interrogatory No. 4:** "On 1-31-06 did you provide the plaintiff with a breakfast on this

5  day?"

6  **Response to Interrogatory No. 4**: "I have no specific recollection of this date. Available

7  records indicate that Plaintiff received his breakfast January 31, 2006.

8  ///

9  **Interrogatory No. 7: "**On 2-1-06, 2-2-06, 2-3-06, 2-4-06, and 2-7-06 did you provide

10  plaintiff with a breakfast and lunch on these days?**"**

11  **Response to Interrogatory No. 7:** "Defendant objects to this interrogatory on the grounds

12  that it is compound and lacks foundation. Not waiving objections, I have no specific

13  recollection of these dates. Available records show that Plaintiff refused to turn on his cell

14  light for breakfast and lunch on February 1, 2006, and February 2, 2006; Plaintiff accepted

15  breakfast, but refused lunch on February 3, 2006, and refused both breakfast and lunch on

16  February 4, 2006, and February 7, 2006.

17  ///

18  **Interrogatory No. 10**: "On 2-11-06 and 2-14-06 did you provide the plaintiff with a lunch

19  on these days?"

20  **Response to Interrogatory No. 10:** Defendant objects to this interrogatory on the grounds

21  that it is compound. Not waiving objection, I have no present recollection of these specific

22  dates. Available records indicate that Plaintiff refused to turn on his light for both breakfast

23  and lunch on February 11, 2006, and February 14, 2006.

24  ///

25  **Interrogatory No. 11**: "**On 2-15-06, 2-16-06, 2-17-06, 2-18-06, 2-21-06, 2-22-06, 2-24-06

26  and 2-25-06 did you provide plaintiff breakfast and lunch on these days?**"**

27  **Response to Interrogatory No. 11:** Defendant objects to this interrogatory on the grounds

28  that it is compound. Not waiving objection, I have no present recollection of these specific

1   dates. Available records indicate that Plaintiff refused lunch and breakfast on February 15,

2   2006; Plaintiff took his lunch, but refused breakfast on February 16, 2006; on February 17,

3   2006, Plaintiff refused lunch, but a breakfast tray was placed in Plaintiff's cell while he was a

4   medical appointment; Plaintiff accepted lunch, but refused breakfast on February 18, 2006;

5   Plaintiff accepted both lunch and breakfast on February 21, 2006; Plaintiff refused both

6   breakfast and lunch on February 22, 2006; Plaintiff accepted lunch and breakfast on February

7   24, 2006; Plaintiff accepted lunch, but refused breakfast on February 25, 2006.

8   ///

9       Plaintiff argues that defendant has not answered the interrogatories.  Plaintiff asserts that the

10  interrogatories require either a  "yes" or "no" response.  Plaintiff asserts that because defendant refers

11  to records in determining whether or not plaintiff received a meal on particular days, defendant Redenius

12  should use those records to determine whether defendant served those meals to plaintiff.

13      Defendant has stated in his responses that he has no recollection of whether he served the meals

14  in question on the dates requested.  Defendant has also submitted evidence that the daily records

15  compiled in the security housing unit do not indicate who serves particular meals to a particular inmate,

16  that the daily record only records whether an inmate received breakfast, lunch or dinner, and that unless

17  a specific narrative entry is made, there is no record of which officer performed the noted tasks. (Doc.

18  47, Snider Decl., ¶2-3).

19      Defendant has fully answered Interrogatories Nos. 3, 4, 7, 10 and 11. No further response is

20  required.

21      **Interrogatory No. 12:** "Did the plaintiff's conduct prevent him from being fed on all of the

22      dates alleged in his complaint as to your participation? If yes, (a.) Explain in detail the

23      conduct of the plaintiff that prevented him from receiving his meals."

24      **Response to Interrogatory No. 12:** "Defendant objects to this interrogatory on the grounds

25      that it is vague and argumentative. Not waiving objection, available records indicate that

26      Plaintiff did not refuse to accept meals on all of the dates alleged in the complaint."

27  ///

28      Plaintiff objects to the form of defendant's response.  Plaintiff asserts that by not specifying

1   exactly which dates plaintiff refused to accept meals, defendant is evading the question.

2       Plaintiff may not object to an answer because his own interrogatory is not worded to capture the

3   response he seeks.  Plaintiff asked whether plaintiff refused to accept meals on all the dates alleged.

4   Plaintiff's interrogatory, as construed, requires only a yes or no response.  Defendant has answered the

5   interrogatory as propounded.  Plaintiff's interrogatory is also vague. Defendant is not required to provide

6   a further response.

7   ///

8       **Interrogatory No. 15:** "Did the plaintiff ever engage in any threatening manner towards staff

9       while housed in building 2 on facility 4B?" If yes, (A.) Explain what threatening manner plaintiff

10      engaged in while housed in building 2 on facility 4B."

11      **Response to Interrogatory No. 15:** "Plaintiff's refusal to turn on his cell light while meals were

12      served was behavior that threatened the safety of staff."

13      Plaintiff objects on the grounds that defendant's answer is evasive.  Plaintiff states that the

14  interrogatory is intended to determine whether plaintiff's overall conduct had created a "mindset within

15  the defendants that caused them to exercise extreme caution when dealing with plaintiff", and the

16  response provided does not answer the interrogatory.

17      Defendant is only required to respond to the interrogatory as propounded by plaintiff.  Plaintiff

18  asks only whether plaintiff had engaged in any threatening manner towards staff.  Defendant answered

19  the interrogatory as asked.   Defendant is not required to provide a further response.

20  ///

21  **ii.    Defendant Garcia**

22      Plaintiff seeks further responses to Interrogatories Nos. 14 and 15.

23      **Interrogatory No. 14:** "If the plaintiff's conduct prevented him from being fed on 2-1-06,

24      2-2-06, 2-3-06, 2-4-06, and 2-9-06, did you construe plaintiff's conduct as permission to not feed

25      the plaintiff?"

26      **Response to Interrogatory No. 14:** "Defendant objects to this interrogatory on the grounds that

27      it lacks foundation. Not waving objection, records available to me indicate that Plaintiff always

28      accepted dinner. When Plaintiff refused to follow institutional procedure, it was construed as a

1    refusal of the meal."

2        Plaintiff asserts that defendant did not answer the question as posed. Plaintiff asserts that "[t]he

3    question is whether operational procedure #111 gives the defendant permission to not feed the defendant

4    entirely".  Defendant has responded to the interrogatory as propounded by plaintiff.  Plaintiff may not

5    compel a further response because the response given does not answer the question plaintiff intended

6    to ask.  Defendant is not required to provide a further response.

7    ///

8        **Interrogatory No. 15:** "Who was your supervisor on 2-1-06, 2-2-06, 2-3-06, 2-4-06 and 2-9-

9    06?"

10       **Response to Interrogatory No. 15:** "I do not recall."

11       Defendant indicates in his opposition that counsel has requested that a records search be

12   conducted and an amended response will be served once the information is received.

13       If defendant has not already done so, defendant shall serve an amended response to Interrogatory

14   No. 15 within thirty (30) days of service of this order.  Plaintiff's motion to compel a further response

15   to Interrogatory No. 15 is granted.

16   ///

17   **iii.    Defendant Alvarez.**

18       Plaintiff seeks further responses to Interrogatories Nos. 6 and 12.

19       **Interrogatory No. 6:** "On 2-21-06 did you provide plaintiff a lunch on this day?"

20       **Response to Interrogatory No. 6:** "I have no specific recollection of serving Plaintiff a meal

21   on this date."

22       In opposition to the instant motion, defendant has submitted evidence that the records referred

23   to by both plaintiff and defendant do not indicate who serves particular meals to a particular inmate, that

24   the daily record only records whether an inmate received breakfast, lunch or dinner, and that unless a

25   specific narrative entry is made, there is no record of which officer performed the noted tasks. (Doc. 47,

26   Snider Decl., ¶2-3). Defendant has fully answered Interrogatory No. 6.  No further response is required.

27       **Interrogatory No. 12:** "Who was your supervisor on 2-14-06, 2-19-06 and 2-23-06?"

28       **Response to Interrogatory No. 12:** "I am not positive, but to the best of my recollection it was

1    Sergeant Noyce."

2    Defendant indicates in his opposition that counsel has requested that a records search be

3    conducted and an amended response will be served once the information is received.

4    If defendant has not already done so, defendant shall serve an amended response to Interrogatory

5    No. 12 within thirty (30) days of service of this order.  Plaintiff's motion to compel a further response

6    is granted.

7    **iv.    Defendants Uribe, Schiefelbein and Wadman**

8    Plaintiff requests the name of each defendants supervisor on specified dates between December

9    2005 and February 2006.  Defendant Uribe did not properly respond to the interrogatory, and defendants

10   Scheitelbein and Wadman stated that they did not recall.

11   Defendants state that information for the correct dates have been obtained and that they will serve

12   plaintiff with amended responses.  If they have not already done so, defendant Uribe is to serve an

13   amended response to Interrogatory No. 8, defendant Scheitelbein is to serve an amended response to

14   Interrogatory No. 11, and defendant Wadman is to serve an amended response to Interrogatory No. 14

15   within thirty (30) days of service of this order. Plaintiff's motion to compel further responses is granted.

16   **v.    Defendant Harrison**

17   Plaintiff request further responses to Interrogatories Nos. 4, 5, 12 and 14.

18   **Interrogatory No. 4:** "On 4-7-06 did you provide plaintiff breakfast and lunch on this day?

19   If no, (A). Explain in detail as accurately as you can remember the circumstance, and the

20   exact sequence of events that dictated plaintiff not recieving his meals on this day."

21   **Response to Interrogatory No. 4:** "Defendant objects to this interrogatory on the grounds

22   that it lacks foundation. Not waiving objection, I have no recollection of this specific date.

23   However, I do recall that Plaintiff did not receive a meal because he refused to turn on his

24   cell light."

25   ///

26   **Interrogatory No. 5**: "Did the plaintiff receive his breakfast and lunch on 4-7-06?"

27   **Response to Interrogatory No. 5:** "I do not recall this specific date."

28   ///

1    **Interrogatory No. 12:** "If the plaintiff's conduct prevented him from being fed on 4-7-06,

2    did you construe plaintiffs conduct as permission to not feed the plaintiff?"

3    **Response to Interrogatory No. 12:** "Defendant objects to this interrogatory on the grounds

4    that it lacks foundation. Not waiving objection, I have no specific recollection of this date."

5    ///

6    Defendant states that the Record of Daily Activity (Form 114-A) is not available to him because

7    plaintiff is now incarcerated at Salinas Valley State Prison.  Counsel for defendant indicates that the

8    records will be able to her, and that defendant shall provide an amended response.  If defendant has not

9    already done so, defendant shall serve an amended response to Interrogatory Nos. 4, 5, and 12 within

10   thirty (30) days of service of this order.  Plaintiff's motion to compel a further response is granted.

11   ///

12   **Interrogatory No. 14:** "Who was your supervisor on 4-7-06?"

13   **Response to Interrogatory No. 14:** "I am not sure but to the best of my recollection it was

14   Sergeant Noyce".

15   Defendant states that counsel is obtaining the information and plaintiff will be served with an

16   amended response. If defendant has not already done so, defendant shall serve an amended response to

17   Interrogatory No. 14 within thirty (30) days of service of this order.  Plaintiff's motion to compel a

18   further response is granted.

19   **vi.    Defendant Noyce**

20   **Interrogatory No. 4:** "Is it possible that the plaintiffs not receiving his meals could have

21   been unknown to you from 10-14-05 through 2-17-06?"

22   **Response to Interrogatory No. 4:** "Defendant objects to this interrogatory on the grounds that

23   it lacks foundation, is argumentative, and calls for speculation."

24   Plaintiff states that he is attempting to determine whether defendant knew that plaintiff was not

25   receiving meals.   Although plaintiff's interrogatory could be better constructed, it is still possible for

26   defendant to answer the interrogatory.   Defendant Noyce shall provided a further response to

27   Interrogatory No.4 within thirty (30) days of service of this order.  Plaintiff's motion to compel a further

28   response is granted.

1  **B.**       **Motion to Compel Production of Documents**

2           Plaintiff moves to compel the production of documents pertaining to Requests 1, 2, and 4.

3           **Request for Production No. 1:** "Copy of Housing logs for building 2 on facility 4B at CCI for

4       the dates of 10-14-05, 10-28-05, 11-2-05, 12-5-05 and 1-6-06 thru 2-26-06."

5           **Response to Production Request No.1**: "Defendants' object to this request on the grounds that

6       it is vague, over broad, burdensome, contains confidential information, and is not reasonably

7       calculated to lead to the discovery of admissible evidence. Not waiving objections, to the extent

8       that Plaintiff is seeking access to CDCR form 114As, entitled Inmate Segregation Record, these

9       documents are considered to be part of Plaintiff's central file, which may be accessed through

10      institutional procedures."

11  ///

12          **Request for Production No. 2:** "Housing logs for building 3 on facility 4B at CCI for the dates

13      of 4-1-06, and 4-7-06."

14          **Response to Production Request No. 2:** "Defendants' object to this request on the grounds that

15      it is vague, over broad, burdensome, contains confidential information, and is not reasonably

16      calculated to lead to the discovery of admissible evidence. Not waiving objections, to the extent

17      that Plaintiff is seeking access to CDCR form 114As, entitled Inmate Segregation Record, these

18      documents are considered to be part of Plaintiff's central file, which may be accessed through

19      institutional procedures."

20  ///

21          Plaintiff states that he requires the housing log books in order to confirm that he was not provided

22  meals on the dates alleged in his complaint. In response to plaintiff's motion to compel, defendants state

23  that the daily record logs (Form 114-A) compiled indicate whether or not an inmate received meals, and

24  that these records are part of plaintiff's central file, and accessible to him through institutional

25  procedures. Defendants also assert that the sample housing unit log provided by plaintiff shows no

26  reference to meals served to individual inmates.

27          In reply, plaintiff states that the housing unit logs provide a record of the daily activity in each

28  building. Plaintiff states that he also requires the records in order to determine which buildings the

1    defendants were assigned to during the period in question.

2           Plaintiff is entitled to copies of the housing logs.  Within forty-five (45) days of service of this

3    order, defendants shall respond to plaintiff's Requests for Production #1 and 2.  Defendants shall redact

4    from the housing logs any confidential information.

5    ///

6           **Request for Production No. 4:** "Copies of master prison menus as served at CCI for 11-2-05

7           through 2-26-06, with a depiction of calories for each meal (Breakfast, lunch and dinner) on each

8           day."

9           **Response to Production Request No. 4**: "Defendants object to this request on the grounds that

10          it is over broad, burdensome, and not reasonably calculated to lead to the discovery of admissible

11          evidence, and is a request to create a document that does not exist."

12          Counsel for defendants states that copies of the menus have been requested and that plaintiff will

13   be served with an amended response when the menus are located and provided to counsel.  If defendant

14   has not already done so, defendant shall serve an amended response to Production Request No. 4 within

15   forty-five (45) days of service of this order.  Plaintiff's motion to compel production is granted.

16   **Conclusion**

17   As set forth herein, it is HEREBY ORDERED that:

18          1.      Plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART as follows:

19                  a.      Plaintiff's motion to compel further responses to interrogatories from defendant

20                          Redenius is denied;

21                  b.      Plaintiff's motion to compel further responses to interrogatory No. 14 from

22                          defendant Garcia is denied;

23                  c.      Plaintiff's motion to compel further responses to interrogatory No. 15 from

24                          defendant Garcia is granted and defendant has **thirty (30) days** within which to

25                          serve a further response;

26                  d.      Plaintiff's motion to compel further responses to interrogatory No. 6 from

27                          defendant Alvarez is denied;

28                  e.      Plaintiff's motion to compel further responses to interrogatory No. 12 from

1   defendant Alvarez  is granted and defendant has **thirty (30) days** within which

2   to serve a further response;

3   f.   Plaintiff's motion to compel a further response to interrogatory No. 4 from

4   defendant Noyce is hereby granted and defendant has **thirty (30) days** within

5   which to serve a further response;

6   g.   Plaintiff's motion to compel further responses from defendants Uribe,

7   Scheitelbein, Wadman and Harrison is granted and defendants have **thirty (30)**

8   **days** within which to serve further responses; and

9   h.   Plaintiff's motion to compel responses to document production requests one, two

10   and four is granted, and defendants have **forty-five (45) days** within which to

11   serve responses.

12   IT IS SO ORDERED.

13   **Dated:   August 19, 2008**                    _____ **/s/ Dennis L. Beck** _____
                                                   UNITED STATES MAGISTRATE JUDGE